IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOSH R. KIRKLAND § | |
| § | |
| v. § | |
| § | Case No. 2:20-cv-371-RSP |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

**MEMORANDUM RULING**

On September 25, 2020, Administrative Law Judge Charlotte A. Wright issued a decision finding that Petitioner Josh R. Kirkland was not disabled within the meaning of the Social Security Act from his alleged onset date of March 29, 2018 through June 30, 2018, the date he was last insured.  Mr. Kirkland, who was 45 with a high school education at that time, was found to be suffering from medically determinable impairments consisting of obesity, hypertension, diabetes mellitus type 1 with polyneuropathy, and depression with anxiety.  However, the ALJ determined that Petitioner had not shown that any of the impairments qualified as "severe" within the meaning of the Social Security regulations. Petitioner had not engaged in substantial gainful activity since 2013.  Petitioner had worked in the past as a pipeline welder.  In 2006 he had a crush injury to his pelvis.  Tr. 26.  Thereafter he graduated from barber college and worked as a barber until 2013.

After reviewing the medical records and receiving the testimony at the August 12, 2020 telephone hearing, where Petitioner was represented by his counsel, Gregory R. Giles, the ALJ determined that:  "the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment or combination of impairments."

1

This finding resulted in the determination that Petitioner was not entitled to Social Security Disability benefits. Petitioner appealed this finding to the Appeals Council, which denied review on November 5, 2020.  Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner presents a single issue on this appeal:  "The Administrative Law Judge failed to assess Plaintiff's residual functional capacity."

*Analysis*

This case has a number of complicating factors. First is the extremely short relevant period. The alleged onset date is March 29, 2018[1] and the date last insured is just three months later on June 30, 2018. The medical evidence is not limited to that created during the relevant period, but it is only relevant to the extent that it reflects on disability during the relevant period. That issue is further complicated by the reason for the short period. Petitioner had a prior application for benefits that was finally denied, without further appeal, effective March 28, 2018. Dkt. No. 22 at 2. As counsel conceded at the hearing, petitioner is "not attempting to reopen that application." Tr. 26. Thus, Petitioner has been found not disabled before March 29, 2018 regardless of any medical evidence in this record created before that date. The issue becomes whether he had a disability during that three-month relevant period that could be expected to last at least 12 months.

The Commissioner has an easy answer for the Petitioner's stated issue in this case, that being the failure of the ALJ to assess his residual functional capacity. The RFC determination occurs at step four of the five-step sequential analysis employed by the regulations. In this case, the ALJ ended her analysis at step two when she found that none of Petitioner's medically determinable impairments were severe. The ALJ accordingly did not err in not addressing the RFC. However, the fact that the ALJ ended her analysis at step two has an important effect on the outcome of this appeal.

A threshold issue for the Court is always whether the ALJ applied the correct legal standard in deciding the case. The record here is clear that the ALJ did not apply the standard that the Fifth

---

[1] During the hearing, counsel stated that he was amending the onset date to April 3, 2018, but this was apparently based on a mistake as to the date of the prior decision. Tr. 26. The Court will continue to apply the March 29, 2018 onset date.

Circuit has determined is appropriate under the law for determining whether an impairment is severe.

In *Stone v. Heckler*, 752 F.2nd 1099, 1102 (5th Cir. 1985), the Court held: "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." The ALJ in the instant decision recited the test as providing that an impairment is severe "if it significantly limits an individual's ability to perform basic work activities," and providing that it is not severe if it is "only a slight abnormality … that would have no more than a minimal effect" on the ability to work. (Tr. 11, 15-16). While the ALJ uses many of the same words as *Stone*, the ALJ's standard allows an impairment to be non-severe even if it has a minimal effect on ability, whereas *Stone* says the impairment cannot be non-severe unless it is expected *not* to interfere with the ability to work.

The conclusion that the ALJ applied the wrong standard in the Fifth Circuit (as is so often the case), does not end the matter. Courts routinely apply a harmless error analysis if the ALJ shows that the impairments deemed non-severe were still considered along with any severe impairments in determining whether the claimant meets a listing and, if not, in determining the claimant's residual functional capacity. For example, in *Rollins v. Berryhill*, 2018 WL 2064781 (N.D. Tex. May 2, 2018), the Court held that "Automatic remand is only required in cases where the ALJ used the incorrect standard and did not proceed past step two." *Id*. at *5. This Court agrees with that approach. Since the ALJ never proceeded beyond step 2, the legal error in this case is not shown to be harmless.

Neither side raised this issue directly. Perhaps counsel for Petitioner can be excused for the oversight because the issue nearly always is found to be harmless error since the ALJ almost always proceeds past step 2. In any event, it is a legal error which the Court does not consider waived on this record. It does relate to the failure to determine an RFC which flowed from the finding that the impairments were not severe. Furthermore, the Commissioner has offered no argument that the error, which is clear on the face of the record, is harmless.

Under these circumstances, remand is required to either apply the correct standard or to continue the analysis beyond step two while considering all impairments, whether deemed severe or not. It is not the role of the Court to consider the medical evidence and apply the correct severity standard. That is for the ALJ on remand.

*Conclusion*:

Having determined that the Commissioner did not apply the proper legal standard in evaluating the evidence of record, the ruling below is reversed and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with this ruling.

**SIGNED this 24th day of September, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE